ZAREMBA v. GRANGE MUTUAL FIRE INSURANCE CO.

1. INSURANCE—EXHAUSTING REMEDIES PROVIDED IN POLICY.
Insurer's claim, in action on policy, that it was insured's duty to exhaust remedies provided in policy for settlement of loss before resorting to courts, is without merit where it rejected insured's offer to arbitrate, and repudiated liability on the ground that there was no policy in effect at time loss occurred.

2. SAME—LIABILITY OF INSURER—QUESTION FOR JURY.
Evidence that insured made written application to insurer's agent, that agent collected premium and stated that insurance was in effect from that date, that insured signed acceptance of insurance, that agent forwarded application to

insurer, who indorsed upon it as of date it was received, "Date of policy 4-19-29," *held,* sufficient to take to jury question as to whether policy was in force, although policy was issued as of later date and after loss by insured, of which insurer had notice.

3. SAME—EVIDENCE—STATEMENTS BY AGENT.
Testimony as to statements of insurer's agent that insurance was in effect, *held,* admissible under the circumstances.

Error to Menominee; Bell (Frank A.), J. Submitted April 16, 1930. (Docket No. 64, Calendar No. 34,889.) Decided June 2, 1930.

Assumpsit by Lawrynce Zaremba and another against Grange Mutual Fire Insurance Company, a corporation, on a policy of fire insurance. From a judgment for plaintiff, defendants bring error. Affirmed.

*George Barstow* (*Francis Murphy,* of counsel), for plaintiffs.

*Henry Miltner* (*G. C. Leibrand,* of counsel), for defendant.

POTTER, J. Plaintiffs sued defendant to recover damages suffered by reason of loss by fire alleged to have been insured against by defendant. From a judgment for plaintiffs defendant brings error. April 19, 1929, plaintiffs signed a written application for insurance in defendant company prepared by Nels Olson, its local director, who collected the premium and gave a receipt therefor signed "Nels Olson, local director." Plaintiffs signed an acceptance of the insurance in the following language:

"I accept this insurance subject to the articles of association and by-laws of said company, now in force or that may hereafter be in force."

This was, in terms, a present acceptance, contained in the application for insurance dated April 19, 1929, and signed by both plaintiffs. When the written application was made, the premium paid, and the acceptance of insurance signed by plaintiffs, Mr. Olson, the local director of defendant, stated to plaintiffs they were insured from that date; that the company was liable from that time for loss which might be suffered. The written application of plaintiffs was forwarded by Mr. Olson, its director, to defendant company, received by it in due course of mail, accepted by it, and the application indorsed by it, "Date of policy 4–19–29." Plaintiffs suffered a loss April 29, 1929. Defendant was properly notified by Mr. Olson, its local director, who had taken the application; May 1, 1929, with full knowledge of the loss plaintiffs had suffered, defendant issued its policy, delivered to plaintiffs May 14, 1929. In the policy issued, the date of the purported copy of the plaintiffs' application was changed to May 1, 1929, though it is admitted the only application made by plaintiffs was dated April 19, 1929. Defendant's secretary visited plaintiffs' premises to look over the loss. June 12, 1929, plaintiffs' attorneys wrote defendant:

"Lawrence Zaremba has consulted us in reference to insurance given by your company covering farm buildings near Wallace, in Menominee county.

"As we understand it, insurance was issued to Zaremba April 19th and he made payment for same on that day. On April 29th the property was destroyed by fire, of which your director had notice at the time of the fire.

"We are further advised that on May 20th your adjuster called at the premises and inspected same,

but didn't do anything toward adjustment of the loss.

"Will you kindly advise us at an early date in reference to appointment of an appraiser on your part so that we may again consult Mr. Zaremba and have him select an appraiser in accordance with the usual policy contracts?"

June 17, 1929, plaintiffs made proof of loss. June 28, 1929, defendant's attorney wrote plaintiffs' attorneys:

"This policy was not issued nor dated, nor signed until May 4th, 1929, and did not take effect until noon of that day. Therefore, it becomes the duty of the secretary to decline to pay the loss that occurred on April 29th. * * * We regret that we are compelled to advise that no liability can be recognized under this policy until after May 4th, 1929. This is compelled by the terms of the policy which you have in your possession."

Whereupon suit was brought. Defendant pleaded the general issue, and gave notice that plaintiffs had not complied with the terms of the policy, and the policy issued to plaintiffs was not issued and in force until after plaintiffs' loss occurred. Defendant assigns 28 errors grouped under four heads.

*First.* Defendant claims it was the duty of plaintiffs to exhaust the remedies provided in the policy for a settlement and adjustment of their claim before resorting to the courts, to which plaintiffs reply that the correspondence indicates an offer on their part to leave the adjustment of the loss to appraisers or arbitrators, and a rejection on the part of the company of such offer and a repudiation of liability by defendant for plaintiffs' loss on the

ground that at the time plaintiffs' loss occurred there was no outstanding policy.

*Second.* Defendant contends there was no contract of insurance made between plaintiffs and defendant until after the fire causing damage to plaintiffs, to which plaintiffs reply that, considering the writings, the apparent power and authority of defendant's local director, the indorsements made upon the application by the defendant company, Mr. Olson was held out as the general agent of the defendant company, and plaintiffs relied upon his statements made in the scope of his apparent authority, and it was a question of fact for the jury whether a policy of insurance was not in full force and effect at the time of the acceptance of the application, the receipt for the insurance, the indorsement upon the application by the defendant company of the date of the policy, and these disputed questions of fact were submitted to the jury under proper instructions, and the jury found for plaintiffs.

*Third.* Defendant denies the authority of its agent and local director, Olson, to bind the company by a contemporaneous oral contract. But in this case there was a written application by the plaintiffs made to such agent, a collection of the premium by the agent, a receipt issued for the premium by defendant's local director, and a written acceptance in terms presently made, of the insurance, and these, together with the other facts and circumstances, were sufficient, we think, to authorize the admission of the statements made by the director as to the force and effect of this insurance which plaintiffs were accepting in writing at the time the application was made and premium paid.

*Fourth.* The trial court submitted the disputed issues of fact to the jury in a careful and fair charge, and we are not inclined to disturb the judgment, which is affirmed, with costs.

Wiest, C. J., and Butzel, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.